IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-11803-__ |
| | ) | |
| REGEN BIOLOGICS, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In Re: | ) | Case No. 11-11084-__ |
| | ) | |
| RBIO, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |

**APPLICATION OF THE DEBTORS FOR AUTHORITY TO EMPLOY AND RETAIN PILLSBURY WINTHROP SHAW PITTMAN LLP AS DEBTORS' BANKRUPTCY CO-COUNSEL**

ReGen Biologics, Inc. and RBio, Inc., the debtors and debtors-in-possession (the "Debtors" and each, a "Debtor"), respectfully submit this Application for Authority ("Application") to Employ and Retain Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") as Debtors' Bankruptcy Co-Counsel pursuant to section 327(a) of the United States Bankruptcy Code[1] (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure. In support of this Application, the Debtors incorporate the statements set forth in the Affidavit of Patrick J. Potter in Support of the Application (the "Potter Affidavit") attached as **Exhibit A**.

---

[1] 11 U.S.C. § 101–1532 (2006).

1

## Jurisdiction

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.  On April 8, 2011 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  The Debtors are Delaware corporations formed to develop, market, and distribute medical device products based on patented technologies. In recent years, the Debtors have experienced difficulties in obtaining and maintaining the required approvals of the U.S. Food and Drug Administration with respect to the marketing and distribution of their flagship product, the Menaflex collagen meniscus implant. As a result, the Company has not obtained the debt and equity financing required to sustain operations, notwithstanding substantial efforts to obtain such financing.

4.  In light of the Debtors' financial condition, the Debtors commenced these chapter 11 proceedings with the goal of selling substantially all of their assets pursuant to a Court-approved process.

5.  For several years, Pillsbury has been providing legal services to the Debtors. More recently, the Debtors specifically retained Pillsbury to prepare, commence, and prosecute the Debtors' chapter 11 proceedings and to represent the Debtors in connection with matters incidental thereto. During the weeks before the

Petition Date, Pillsbury provided services to the Debtors that were necessary to preserve the Debtors' assets, and to prepare the Debtors for their bankruptcy filings and the anticipated Court-supervised sale of their assets.

**Relief Requested**

6. The Debtors seek authority to employ and retain Pillsbury on an interim basis as bankruptcy co-counsel in connection with their chapter 11 cases, effective as of the Petition Date. Pillsbury has conducted a conflicts review on those entities (potential creditors and equity holders) that likely will be listed on the Debtors' Schedules (based upon a list provided by the Debtors) (the "Initial Conflict Review").[2] After the Debtors' Schedules are filed, and to the extent necessary, Pillsbury will conduct a further conflicts review of those creditors listed on the Debtors' Schedules that were not included in the Initial Conflict Review. Once the conflicts review process is concluded, and to the extent that there are no conflicts that would prevent Pillsbury from representing the Debtors, the Debtors will seek a final order authorizing the employment and retention of Pillsbury. Thus, the Debtors seek entry of an interim order pursuant to section 327(a) of the Bankruptcy Code authorizing the Debtors to employ and retain Pillsbury as bankruptcy co-counsel to perform the legal services that will be necessary during the Debtors' chapter 11 cases.

---

[2] Rule 1007(a)(1) of the Bankruptcy Rules requires debtors to file a list of creditors containing the name and address of each entity that will be included in Schedules D–H. Out of an abundance of caution and due to administrative difficulties, the Debtors have included a relatively large number of entities in their list of creditors that likely will not be listed on the Debtors' Schedules D–H after a comprehensive investigation of the Debtors' books and records.

3

### A. Pillsbury's Qualifications

7. The Debtors also seek to retain Pillsbury as bankruptcy counsel because of Pillsbury's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Pillsbury is also familiar with the potential legal issues which may arise during the Debtors' chapter 11 cases because of Pillsbury's non-bankruptcy representation of the Debtors.

8. During Pillsbury's prepetition non-bankruptcy representation of the Debtors, Pillsbury counseled and advised the Debtors in connection with, among other things, quarterly and yearly securities filings, acted as counsel in connection with certain loan transactions, and performed general corporate services.

9. Since approximately February 1, 2011, Pillsbury has been advising the Debtors with respect to their restructuring and potential bankruptcy cases. During Pillsbury's prepetition bankruptcy-related representation of the Debtors, Pillsbury worked with the Debtors' management and other professionals to prepare the chapter 11 petitions and the various motions filed on the Petition Date. As a result, and because of Pillsbury's non-bankruptcy representation of the Debtors, Pillsbury has developed knowledge of the Debtors' business operations, financial affairs, corporate and capital structures and related matters. Accordingly, it would be in the best interests of the estates for the Debtors to continue to retain Pillsbury throughout the bankruptcy process.

### B. Services to be Provided by Pillsbury

10. The professional services that Pillsbury will render to the Debtors include, but are not be limited to:

   a. advising the Debtors of their rights, powers and duties as debtors and debtors-in-possession;

b.  assisting the Debtors in the preparation of the schedules and statements of financial affairs;

c.  assisting in the formulation of a business plan and the resolution of the Debtors' chapter 11 cases with the Debtors' various creditor constituencies;

d.  negotiating and obtaining financing the Debtors may require during their chapter 11 cases or in connection with their chapter 11 plan;

e.  assisting the Debtors with the preservation and sale of assets;

f.  assisting the Debtors in obtaining the use of cash collateral;

g.  rendering any requested pension, tax, or labor advice that may be required to effectuate or maximize the efficiency of the Debtors' chapter 11 cases;

h.  preparing, filing, and prosecuting a joint plan of reorganization and disclosure statement;

i.  preparing on behalf of the Debtors all necessary and appropriate applications, motions, pleadings, draft orders, notices, and other documents, and reviewing all financial and other reports to be filed in the Debtors' chapter 11 cases;

j.  representing the Debtors in proceedings and hearings in this Court; and

k.  performing all other legal services for and on behalf of the Debtors that may be necessary or appropriate in the administration of the Debtors' chapter 11 cases.

The functions to be performed by Pillsbury will not be duplicative of those performed by the Debtors' other counsel, including without limitation bankruptcy co-counsel. Pillsbury will only perform those functions necessary during the course of the Debtors' chapter 11 cases.

### C. *Payment of Pillsbury's Fees & Expenses*

11. Subject to court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to Pillsbury on an hourly basis, plus

reimbursement of actual, necessary expenses incurred in connection with the Debtors' chapter 11 cases. The attorneys presently designated to have primary responsibility in representing the Debtors, and their standard hourly rates, are:

| Patrick J. Potter | Partner | $ 790.00 |
| Jerry Hall | Senior Associate | $ 620.00 |
| Dania Slim | Associate | $ 480.00 |

The hourly rates set forth above are subject to periodic adjustments. Occasionally, other attorneys and paralegals may serve the Debtors in connection with the Debtors' chapter 11 cases.

12. In addition to the hourly rates set forth above, it is Pillsbury's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and facsimile charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, charges for mailing supplies provided by Pillsbury to outside copying services for use in mass mailings (including envelopes and labels), computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Pillsbury will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to its other clients.

13. Effective upon approval of the Application, Pillsbury will write off (and otherwise agree not to bill or collect) more than $510,000 in prepetition fees and expenses incurred by and on behalf of the Debtors; approximately $500,000 of which was

in connection with matters other than the bankruptcy-related services provided to the Debtors.

### D. *Pillsbury's Disinterestedness*

14. Pillsbury has and will represent creditors, equity security holders, and other creditor constituencies from time to time in matters unrelated to the Debtors' chapter 11 case. As set forth in the Potter Affidavit, Pillsbury has performed an Initial Conflict Review of the Debtors' potential creditors and equity holders (based upon a list provided by the Debtors). Due to the exigencies of time and the number of potential creditors identified in the list of creditors filed on the Petition Date, Pillsbury will be unable to finalize the conflicts review process until shortly after the Debtors' Schedules are filed.

15. As described in the Potter Affidavit, Pillsbury and certain of its partners, counsel, and associates may have in the past, may presently, and likely will in the future represent creditors or stockholders of the Debtors in matters wholly unrelated to the Debtors' chapter 11 cases. See **Exhibit B**.

16. To the best of the Debtors' knowledge, except as disclosed in this Application or the accompanying exhibits, including the Potter Affidavit, Pillsbury has not otherwise represented the Debtors' creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates and therefore does not hold a material adverse interest to the Debtors' estates. To the extent necessary, Pillsbury will supplement these disclosures as necessary lists and schedules are prepared filed. If a conflict arises, either co-counsel will serve as

the Debtors' counsel for such matter or the Debtors will seek approval to retain additional conflicts counsel as appropriate.

17. The Debtors desire to retain Pillsbury under a general retainer because of the extensive legal services that may be required and the fact that the nature and extent of such services are not known at this time. To the best of the Debtors' knowledge and except as otherwise disclosed in the Potter Affidavit, Pillsbury does not hold or represent any interest adverse to the Debtors' estates, and Pillsbury's employment is necessary and in the best interests of the Debtors and their estates.

18. Pillsbury received a retainer of $200,000 (and a commitment for at least an additional $100,000) in connection with the preparation and filing of the Debtors' chapter 11 cases, and Pillsbury's proposed post-petition representation of the Debtors. The approximate balance of the retainer as of this filing is $8,695.48. Pillsbury has not shared or agreed to share any compensation received in connection with the Debtors' chapter 11 cases with any entity other than its members, counsel or associates in accordance with section 504(b) of the Bankruptcy Code.

## Notice

19. The Debtors will provide notice of this Application to: (i) the Office of the United States Trustee; (ii) all parties identified in each Debtor's list of twenty largest unsecured creditors; and (iii) the Debtors' prepetition lenders. In light of the nature of the relief requested, the Debtors respectfully submit that no other or further notice is necessary.

## No Prior Request

20. No prior motion or application for the relief requested has been made to this or any other court.

WHEREFORE, the Debtors respectfully requests entry of an order, in the substantially in the form submitted, (i) pursuant to section 327(a) of the Bankruptcy Code, authorizing the Debtors to employ and retain Pillsbury as bankruptcy co-counsel on an interim basis pending the conclusion of the conflicts review process; (ii) authorizing the Debtors to compensate Pillsbury pursuant to the Bankruptcy Code and any additional procedures established by this Court; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: April 8, 2011　　　REGEN BIOLOGICS, INC.

By: _____
Gerald E. Bisbee, Jr.
Title: President and Chief Executive Officer

RBIO, INC.

By: _____
Gerald E. Bisbee, Jr.
Title: President and Chief Executive Officer

Prepared for the Debtors by:

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: /s/ Patrick J. Potter
     Patrick J. Potter (*pro hac vice* pending)
     Jerry Hall (*pro hac vice* pending)
     Dania Slim (*pro hac vice* pending)
     2300 N Street, N.W.
     Washington, D.C. 20037-1128
     Tel: (202) 663-8000
     Fax: (202) 663-8007

     Proposed Counsel to the Debtors