**Exhibit A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | Case No. 11-_____-__ |
| REGEN BIOLOGICS, INC., | Chapter 11 |
| Debtor. | |
| In Re: | Case No. 11-_____-__ |
| RBIO, INC., | Chapter 11 |
| Debtor. | (Joint Administration Requested) |

## AFFIDAVIT IN SUPPORT OF APPLICATION OF THE DEBTORS FOR AUTHORITY TO EMPLOY AND RETAIN PILLSBURY WINTHROP SHAW PITTMAN LLP AS DEBTORS' BANKRUPTCY CO-COUNSEL

Patrick J. Potter, under penalty of perjury, hereby declares as follows:

1. My name is Patrick J. Potter. I am over the age of 18 and competent to testify about the matters contained herein.

2. I am a member of the firm of Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"). My office is located at 2300 N Street, NW, Washington, D.C., 20037. I am a member of the Bars of the Commonwealth of Virginia, the District of Columbia, and the State of Michigan, and have applied for admission *pro hac vice* to the United States Bankruptcy Court for the District of Delaware. I submit this Affidavit in support of the application of ReGen Biologics, Inc. and RBio, Inc., as debtors and debtors-in-possession (collectively, the "Debtors"), for an interim order authorizing the employment and retention of Pillsbury as bankruptcy co-counsel for the Debtors.

3. Pillsbury has extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). Pillsbury is also familiar with the potential legal issues which may arise during the Debtors' chapter 11 cases, in part because of Pillsbury's prior non-bankruptcy representation of the Debtors.

4. Prepetition, Pillsbury has served as corporate counsel to the Debtors. Pillsbury counseled and advised the Debtors in connection with quarterly and yearly securities filings, acted as counsel in connection with certain loan transactions, and performed general corporate services, as well as other services incidental thereto.

5. Since approximately February 1, 2011, Pillsbury has been advising the Debtors with respect to their restructuring and potential bankruptcy cases. During Pillsbury's prepetition bankruptcy-related representation of the Debtors, Pillsbury worked with the Debtors' management and other professionals to prepare the chapter 11 petitions and the various motions filed on the petition date. As a result, and because of Pillsbury's non-bankruptcy representation of the Debtors, Pillsbury has developed knowledge of the Debtors' business operations, financial affairs, corporate and capital structures and related matters.

6. The professional services that Pillsbury will render to the Debtors include, but are not be limited to:

    a. advising the Debtors of their rights, powers and duties as debtors and debtors-in-possession;

    b. assisting the Debtors in the preparation of the schedules and statements of financial affairs;

2

c. assisting in the formulation of a business plan and the resolution of the Debtors' chapter 11 cases with the Debtors' various creditor constituencies;

d. negotiating and obtaining financing the Debtors may require during their chapter 11 cases or in connection with their chapter 11 plan;

e. assisting the Debtors with the preservation and sale of assets;

f. assisting the Debtors in obtaining the use of cash collateral;

g. rendering any requested pension, tax, or labor advice that may be required to effectuate or maximize the efficiency of the Debtors' chapter 11 cases;

h. preparing, filing, and prosecuting a joint plan of reorganization and disclosure statement;

i. preparing on behalf of the Debtors all necessary and appropriate applications, motions, pleadings, draft orders, notices, and other documents, and reviewing all financial and other reports to be filed in the Debtors' chapter 11 cases;

j. representing the Debtors in proceedings and hearings in this Court; and

k. performing all other legal services for and on behalf of the Debtors that may be necessary or appropriate in the administration of the Debtors' chapter 11 cases.

The functions to be performed by Pillsbury will not be duplicative of those performed by the Debtors' other counsel, including without limitation bankruptcy co-counsel. Pillsbury will only perform those functions necessary during the Debtors' chapter 11 cases.

7. I, Pillsbury, and certain of its partners, counsel, and associates may have in the past, may presently, and likely will in the future represent creditors or stockholders of the Debtors in matters unrelated to the Debtors' chapter 11 cases. Neither I nor Pillsbury are or will be in a position to identify completely with specificity all such persons or entities until a list of all of the Debtors' creditors has been prepared.

8. Pillsbury has conducted a conflicts review on those entities (potential creditors and equity holders) that likely will be listed on the Debtors' Schedules (based upon a list provided by the Debtors) (the "Initial Conflict Review"). After the Debtors' Schedules are filed, and to the extent necessary, Pillsbury will conduct a conflicts review of those creditors and equity holders listed on the Debtors' Schedules that were not included in the Initial Conflict Review. As a result, the Debtors are seeking authorization to retain Pillsbury on an interim basis pending a conclusion of the conflicts review process. Once the conflicts review process is concluded, and to the extent that there are no conflicts that would prevent Pillsbury from representing the Debtors, the Debtors will seek a final order authorizing the employment and retention of Pillsbury.

9. As noted, Pillsbury and certain of its partners, counsel, and associates may have in the past, may presently, and likely will in the future represent creditors or stockholders of the Debtors in matters unrelated to the Debtors' chapter 11 cases. Pillsbury does not represent these parties in any matter relating to the Debtors or their estates and therefore does not hold a material adverse interest to the Debtors' estates. Of the creditors identified, none represents even 1% of Pillsbury's 2010 or Pillsbury's anticipated 2011 gross annual billings. To the extent necessary, Pillsbury will supplement these disclosures as necessary lists and schedules are prepared and filed. If a conflict arises, either co-counsel will serve as the Debtors' counsel for such matter or the Debtors will seek approval to retain additional conflicts counsel as appropriate.

10. Pillsbury has not shared or agreed to share any compensation received in connection with the Debtors' chapter 11 cases with any entity other than its members, counsel or associates in accordance with section 504(b) of the Bankruptcy Code.

11. Pillsbury intends to apply for compensation for professional services rendered in connection with the Debtors' chapter 11 cases, subject to the approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Pillsbury. The attorneys presently designated to have primary responsibility in representing the Debtors, and their standard hourly rates, are:

| Patrick J. Potter | Partner | $ 790.00 |
| Jerry Hall | Senior Associate | $ 620.00 |
| Dania Slim | Associate | $ 480.00 |

The hourly rates set forth above are subject to periodic adjustments. Occasionally, other attorneys and paralegals may serve the Debtors in connection with the Debtors' chapter 11 cases.

12. In addition to the hourly rates set forth above, it is Pillsbury's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and facsimile charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, charges for mailing supplies provided by Pillsbury to outside copying services for use in mass mailings (including envelopes and labels), computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Pillsbury will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to its other clients.

13.  To the best of my knowledge, Pillsbury and its partners, counsel, and associates, do not have any relation to, or connection with, any judge of this Court or with the United States Trustee for this region or any person employed in the Office of the United States Trustee that would render the Debtors' employment of Pillsbury improper under Rule 5002 of the Federal Rules of Bankruptcy Procedure.

14.  No promises have been received by Pillsbury, nor any partner, counsel, or associate as to compensation in connection with the Debtors' chapter 11 cases, other than in accordance with the provisions of the Bankruptcy Code.

The foregoing constitutes the statement of Pillsbury pursuant to sections 327 and 504 of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, affiant respectfully requests that this Court issue and enter the annexed order authorizing the Debtors to retain Pillsbury as co-counsel in the Debtors' chapter 11 cases.

Patrick J. Potter

Sworn to and Subscribed
before me this 8th day of
April, 2011

Notary Public
My Commission Expires: 06-14-2012

6