# Exhibit "A"

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In Re:** | ) | Case No. 11-_____-__ |
| | ) | |
| **REGEN BIOLOGICS, INC.,** | ) | **Chapter 11** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **In Re:** | ) | Case No. 11-_____-__ |
| | ) | |
| **RBIO, INC.,** | ) | **Chapter 11** |
| | ) | |
| **Debtor.** | ) | (Joint Administration Requested) |
| | ) | |

## AFFIDAVIT IN SUPPORT OF APPLICATION OF THE DEBTORS FOR AUTHORITY TO EMPLOY AND RETAIN PHILLIPS, GOLDMAN & SPENCE, P.A. AS DEBTORS' BANKRUPTCY CO-COUNSEL

Stephen W. Spence, under penalty of perjury, hereby declares as follows:

1.      My name is Stephen W. Spence.  I am over the age of 18 and competent to testify about the matters contained herein.

2.      I am a member of the firm of Phillips, Goldman & Spence, P.A. ("PG&S").  My office is located at 1200 N. Broom Street, Wilmington, Delaware.  I am a member of the U.S. Court of Appeals for the Third Circuit and the Bars of the State of Delaware and the State of Pennsylvania.  I submit this Affidavit in support of the application of ReGen Biologics, Inc. and RBio, Inc., as debtors and debtors-in-possession (collectively, the "Debtors"), for an interim order authorizing the employment and retention of PG&S as bankruptcy co-counsel for the Debtors.

1

3.     PG&S has extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

4.     Prepetition, the Debtors retained PG&S to prepare, commence, and prosecute the Debtors' chapter 11 proceedings and to represent the Debtors in connection with matters incidental thereto, together with lead bankruptcy counsel Pillsbury Winthrop Shaw Pittman LLP.  In connection with the filing of the Debtors' bankruptcy petitions, PG&S provided services to the Debtors during the days prior to the Petition Date that were necessary to prepare the Debtors for their bankruptcy filings.

5.     The professional services that PG&S will render to the Debtors include, but are not be limited to:

a.     advising the Debtors of their rights, powers and duties as debtors and debtors-in-possession;

b.     assisting the Debtors in the preparation of the schedules and statements of financial affairs;

c.     assisting in the formulation of a business plan and the resolution of the Debtors' chapter 11 cases with the Debtors' various creditor constituencies;

d.     negotiating and obtaining financing the Debtors may require during their chapter 11 cases or in connection with their chapter 11 plan;

e.     assisting the Debtors with the preservation and sale of assets;

f.     assisting the Debtors in obtaining the use of cash collateral;

g.     preparing, filing, and prosecuting a joint plan of reorganization and disclosure statement;

h.     preparing on behalf of the Debtors all necessary and appropriate applications, motions, pleadings, draft orders, notices, and other documents, and reviewing all financial and other reports to be filed in the Debtors' chapter 11 cases;

i. representing the Debtors in proceedings and hearings in this Court;

j. performing all other legal services for and on behalf of the Debtors that may be necessary or appropriate in the administration of the Debtors' chapter 11 cases; and

k. ensuring that the Court's Local Bankruptcy Rules are adhered to by the Debtors.

The functions to be performed by PG&S will not be duplicative of those performed by the Debtors' other counsel, including without limitation bankruptcy co-counsel. PG&S will only perform those functions necessary during the Debtors' chapter 11 cases.

6. I, PG&S, and certain of its members and associates may have in the past, may presently, and likely will in the future represent creditors or stockholders of the Debtors in matters unrelated to the Debtors' chapter 11 cases. Neither I nor PG&S are or will be in a position to identify completely with specificity all such persons or entities until a list of all of the Debtors' creditors has been prepared.

7. PG&S has conducted a conflicts review on those entities (potential creditors and equity holders) that likely will be listed on the Debtors' Schedules (based upon a list provided by the Debtors) (the "Initial Conflict Review"). PG&S represents creditor AT&T in certain litigation matters, which are unrelated to the Debtors' chapter 11 cases. After the Debtors' Schedules are filed, and to the extent necessary, PG&S will conduct a conflicts review of those creditors and equity holders listed on the Debtors' Schedules that were not included in the Initial Conflict Review. As a result, the Debtors are seeking authorization to retain PG&S on an interim basis pending a conclusion of the conflicts review process. Once the conflicts review process is concluded, and to the

extent that there are no conflicts that would prevent PG&S from representing the Debtors, the Debtors will seek a final order authorizing the employment and retention of PG&S.

8.     As noted, PG&S and certain of its partners, counsel, and associates may have in the past, may presently, and likely will in the future represent creditors or stockholders of the Debtors in matters unrelated to the Debtors' chapter 11 cases. PG&S does not represent these parties in any matter relating to the Debtors or their estates and therefore does not hold a material adverse interest to the Debtors' estates. Of the creditors identified, none represents even 1% of PG&S' 2010 or anticipated 2011 gross annual billings. To the extent necessary, PG&S will supplement these disclosures as necessary lists and schedules are prepared and filed. If a conflict arises, either co-counsel will serve as the Debtors' counsel for such matter or the Debtors will seek approval to retain additional conflicts counsel as appropriate.

9.     PG&S has not shared or agreed to share any compensation received in connection with the Debtors' chapter 11 cases with any entity other than its members, counsel or associates in accordance with section 504(b) of the Bankruptcy Code.

10.     PG&S intends to apply for compensation for professional services rendered in connection with the Debtors' chapter 11 cases, subject to the approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PG&S. The attorneys presently designated to have primary responsibility in representing the Debtors, and their standard hourly rates, are:

| Stephen W. Spence | Senior Member | $ 425.00 |
| Stephen A. Spence | Associate | $ 300.00 |
| Celeste A. Hartman | Senior Paralegal | $ 150.00 |

The hourly rates set forth above are subject to periodic adjustments. Occasionally, other attorneys and paralegals may serve the Debtors in connection with the Debtors' chapter 11 cases.

11.     In addition to the hourly rates set forth above, it is PG&S' policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and facsimile charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, charges for mailing supplies provided by PG&S to outside copying services for use in mass mailings (including envelopes and labels), computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PG&S will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to its other clients.

12.     To the best of my knowledge, PG&S and its members and associates, do not have any relation to, or connection with, any judge of this Court or with the United States Trustee for this region or any person employed in the Office of the United States Trustee that would render the Debtors' employment of PG&S improper under Rule 5002 of the Federal Rules of Bankruptcy Procedure.

13.     No promises have been received by PG&S, nor any member or associate as to compensation in connection with the Debtors' chapter 11 cases, other than in accordance with the provisions of the Bankruptcy Code.

The foregoing constitutes the statement of PG&S pursuant to sections 327 and 504 of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, affiant respectfully requests that this Court issue and enter the annexed order authorizing the Debtors to retain PG&S as co-counsel in the Debtors' chapter 11 cases.

_____
Stephen W. Spence

Sworn to and Subscribed
before me this _8th_ day of
April, 2011

_____
Notary Public
My Commission Expires: _____

TAMMY A. PATTERSON
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Oct. 17, 2011

6