# UNITED STATES BANKRUPTCY COURT

## District of Delaware

In re: REGEN BIOLOGICS, INC. , Case No. 11-11083

Debtor                                              (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

1. **Income from employment or operation of business**

None
☑

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                              SOURCE

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  AMOUNT | SOURCE |
|---|---|
| $10,541.00 | 2009-interest income |

---

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None ☑

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)*

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| THE ONLY TRANSFERS ARE THOSE DESCRIBED IN ITEM 9. PLEASE SEE ITEM 9 | | | |

---

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None

☐      c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| ReGen Biologics AG; Zugerstrasse 72; 6340 Baar, Switzerland; subsidiary of debtor | 03/21/2011 | 60,000.00 | |

Wire transfer made on behalf of debtor by Ivy Healthcare Capital II, LP, pursuant to bridge financing agreement

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None

☐      a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

SEE ATTACHED LIST

None

      b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**

None

      List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6. Assignments and receiverships**

None ☐   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|
| Off Madison Ave Inc; 80 E Rio Salado Pkwy Ste 711; Tempe, AZ 85281 | 08/16/2010 | Assgnmt of specified patents & trademarks until judgment is satisfied of $26,862 plus accrued interest |

None    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

---

**7. Gifts**

None    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

**8. Losses**

None    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

SEE ATTACHED LIST

---

**10. Other transfers**

None
☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

SEE ATTACHMENT

None
☑

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12.  Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

### 13.  Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

### 14.   Property held for another person

None
☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

SEE ATTACHED LIST

---

### 15.  Prior address of debtor

None
☑

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

**16. Spouses and Former Spouses**

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☑

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☑

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☑

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

SEE ATTACHED LIST

None ☑    b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

     NAME                          ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director,  managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19.  Books, records and financial statements**

None ☐    a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

     NAME AND ADDRESS                        DATES SERVICES RENDERED

SEE ATTACHED LIST

None ☐    b.  List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

       NAME                ADDRESS               DATES SERVICES RENDERED

SEE ATTACHED LIST

None ☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|
| SEE ATTACHED LIST | |

None ☐ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|

DEBTOR IS A PUBLIC COMPANY. FORM 10Q FOR JUNE 30, 2009 WAS FILED ON 8/11/2009. FORM 10Q FOR MARCH 31, 2009 WAS FILED ON 5/11/2009.

**20. Inventories**

None ☑ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|-------------------|---------------------|------------------------------------------------------------------|

None ☑ b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|------------------------------------------------------|

**21 . Current Partners, Officers, Directors and Shareholders**

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|------------------------|

None ☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|------------------------------------------|
| SEE ATTACHED LIST | | |

**22 . Former partners, officers, directors and shareholders**

None
☑    a.    If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

     NAME             ADDRESS         DATE OF WITHDRAWAL

None
☐    b.    If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

     NAME AND ADDRESS        TITLE         DATE OF TERMINATION

     SEE ATTACHED LIST

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☐    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

     SEE ITEM 3c

---

**24. Tax Consolidation Group.**

None
☑    If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

     NAME OF PARENT CORPORATION        TAXPAYER-IDENTIFICATION NUMBER (EIN)

---

**25. Pension Funds.**

None
☐    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

     NAME OF PENSION FUND        TAXPAYER-IDENTIFICATION NUMBER (EIN)

     National Health Advisors, Ltd.      54-1806468
     Employee Retirement Plan

* * * * * *

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____
Signature
of Debtor _____

Date _____
Signature of
Joint Debtor
(if any) _____

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____
Signature _____

Print Name and
Title _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

___continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer

_____
Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____
Signature of Bankruptcy Petition Preparer

_____
Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.***

Item 4a. List of suits and administrative proceedings within one year of case commencement

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Argenta Reimbursement Advisors LLC vs ReGen Biologics, Inc. t/a ReGen, docket #L 10294 10 | civil action for non payment | Superior Court of New Jersy Law Division Bergen County | Final judgment entered 2/15/2011 for $92,645.34 |
| Off Madison Ave, Inc. vs ReGen Biologics, Inc. CV2010-009079 | breach of contract; unjust enrichment; declaratory relief | Superior Court of Arizona for Mariposa County | Assignment of specified patents & tradmarks pending payment of judgment ($26,862.22 plus accrued interest |
| Strategic Reimbursement Consulting, Inc vs ReGen Biologics, Inc., L 659 11 | Civil action Summons/ complaint | Superior Court of New Jersy Law Division Bergen County | Active |

Item 9. Payments related to debt counseling or bankruptcy within one year of case commencement

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT | AMOUNTOF MONEY | TOTAL AMOUNT |
|---|---|---|---|
| Pillbury Winthrop Shaw Pittman LLP | 4/1/11 | $ 100,000.00 | |
| 2300 N Street NW | 4/7/2011 | 100,000.00 | $ 200,000.00 |
| Washington DC 20037 | | | |
| | | | |
| Umidi + Company | 3/11/11 | 10,000.00 | 10,000.00 |
| 989 Bayberry Drive | | | |
| Arnold MD 21012 | | | |

All transfers listed above were made to fund retainers to the identified recipients

EXCERPT FROM AMENDED AND RESTATED SUBSCRIPTION AND
SECURITY AGREEMENT, DATED JUNE 15, 2010

# APPENDIX A
## COLLATERAL DESCRIPTION

DEBTOR: ReGen Biologics, Inc., a Delaware corporation

Subject to the proviso set forth below, all personal property of Issuer (herein referred to as "Debtor", "Issuer", "Borrower"), whether presently existing or hereafter created or acquired, and wherever located, including, but not limited to:

**(a)**　　all accounts (including health-care-insurance receivables), chattel paper (including tangible and electronic chattel paper), deposit accounts, documents (including negotiable documents), equipment (including all accessions and additions thereto), general intangibles (including all intellectual property, licenses, payment intangibles and software), goods (including fixtures), instruments (including promissory notes), inventory (including all goods held for sale or lease or to be furnished under a contract of service, and including returns and repossessions), investment property (including securities and securities entitlements), letter of credit rights, money, and all of Debtor's books and records with respect to any of the foregoing, and the computers and equipment containing said books and records;

**(b)**　　all common law and statutory copyrights and copyright registrations, applications for registration, now existing or hereafter arising, in the United States of America or in any foreign jurisdiction, obtained or to be obtained on or in connection with any of the forgoing, or any parts thereof or any underlying or component elements of any of the forgoing, together with the right to copyright and all rights to renew or extend such copyrights and the right (but not the obligation) of Secured Party to sue in its own name and/or in the name of the Debtor for past, present and future infringements of copyright;

**(c)**　　all trademarks, service marks, trade names and service names and the goodwill associated therewith, together with the right to trademark and all rights to renew or extend such trademarks and the right (but not the obligation) of Secured Party to sue in its own name and/or in the name of the Debtor for past, present and future infringements of trademark;

**(d)**　　all (i) patents and patent applications filed in the United States Patent and Trademark Office or any similar office of any foreign jurisdiction, and interests under patent license agreements, including, without limitation, the inventions and improvements described and claimed therein, (ii) licenses pertaining to any patent whether Debtor is licensor or  licensee, (iii) income, royalties, damages, payments, accounts and accounts receivable now or hereafter due and/or payable under and with respect thereto, including, without limitation, damages and payments for past, present or future infringements thereof, (iv) right (but not the obligation) to sue in the name of Debtor and/or in the name of Secured Party for past, present and future infringements thereof, (v) rights corresponding thereto throughout the world in all jurisdictions in which such patents have been issued or applied for, and (vi) reissues, divisions, continuations, renewals, extensions and continuations-in-part with respect to any of the foregoing; and

**(e)**　　any and all cash proceeds and/or noncash proceeds of any of the foregoing, including, without limitation, insurance proceeds, and all supporting obligations and the security therefor or for any right to payment.  All terms above have the meanings given to them in the New York Uniform Commercial Code, as amended or supplemented from time to time;

provided, however, that the foregoing collateral description and the collateral pledged pursuant to this Agreement shall not include the following (the "Zimmer Collateral"):

　　　　The intellectual property of Borrower, rights in which shall constitute Collateral (as defined in that certain Intellectual Property Security Agreement, dated March 14, 2000, as amended or supplemented (the "Zimmer Security Agreement"), and shall consist of all of Borrower's right and title to, and interest in, any copyrights, patents and trademarks (including without limitation those listed on Schedules A, B and C of the Zimmer Security Agreement), designs, mechanisms, processes, methods and instrumentation, which constitute, or directly relate to, the combination of Borrower's collagen meniscus implant product and the NeOsteo growth hormone, commonly known as "CMI-2".

The Zimmer Collateral shall not include (i) patent rights to the meniscus implant product without the NeOsteo growth hormone, commonly known as "CMI-1" or (ii) designs, mechanisms, processes, methods and instrumentation that constitute, or directly relate to, CMI-1.

## EXCERPT FROM AMENDED AND RESTATED SUBSCRIPTION AND
## SECURITY AGREEMENT, DATED DECEMBER 27, 2010

### APPENDIX A COLLATERAL DESCRIPTION

DEBTOR: ReGen Biologics, Inc., a Delaware corporation

Subject to the proviso set forth below, all personal property of Issuer (herein referred to as "Debtor", "Issuer", "Borrower"), whether presently existing or hereafter created or acquired, and wherever located, including, but not limited to:

**(a)** all accounts (including health-care-insurance receivables), chattel paper (including tangible and electronic chattel paper), deposit accounts, documents (including negotiable documents), equipment (including all accessions and additions thereto), general intangibles (including all intellectual property, licenses, payment intangibles and software), goods (including fixtures), instruments (including promissory notes), inventory (including all goods held for sale or lease or to be furnished under a contract of service, and including returns and repossessions), investment property (including securities and securities entitlements), letter of credit rights, money, and all of Debtor's books and records with respect to any of the foregoing, and the computers and equipment containing said books and records;

**(b)** all common law and statutory copyrights and copyright registrations, applications for registration, now existing or hereafter arising, in the United States of America or in any foreign jurisdiction, obtained or to be obtained on or in connection with any of the forgoing, or any parts thereof or any underlying or component elements of any of the forgoing, together with the right to copyright and all rights to renew or extend such copyrights and the right (but not the obligation) of Secured Party to sue in its own name and/or in the name of the Debtor for past, present and future infringements of copyright;

**(c)** all trademarks, service marks, trade names and service names and the goodwill associated therewith, together with the right to trademark and all rights to renew or extend such trademarks and the right (but not the obligation) of Secured Party to sue in its own name and/or in the name of the Debtor for past, present and future infringements of trademark;

**(d)** all (i) patents and patent applications filed in the United States Patent and Trademark Office or any similar office of any foreign jurisdiction, and interests under patent license agreements, including, without limitation, the inventions and improvements described and claimed therein, (ii) licenses pertaining to any patent whether Debtor is licensor or licensee, (iii) income, royalties, damages, payments, accounts and accounts receivable now or hereafter due and/or payable under and with respect thereto, including, without limitation, damages and payments for past, present or future infringements thereof, (iv) right (but not the obligation) to sue in the name of Debtor and/or in the name of Secured Party for past, present and future infringements thereof, (v) rights corresponding thereto throughout the world in all jurisdictions in which such patents have been issued or applied for, and (vi) reissues, divisions, continuations, renewals, extensions and continuations-in-part with respect to any of the foregoing; and

**(e)** any and all cash proceeds and/or noncash proceeds of any of the foregoing, including, without limitation, insurance proceeds, and all supporting obligations and the security therefor or for any right to payment. All terms above have the meanings given to them in the New York Uniform Commercial Code, as amended or supplemented from time to time; provided, however, that the foregoing collateral description and the collateral pledged pursuant to this Agreement shall not include the following (the "Zimmer Collateral"):

The intellectual property of Borrower, rights in which shall constitute Collateral (as defined in that certain Intellectual Property Security Agreement, dated March 14, 2000, as amended or supplemented (the "Zimmer Security Agreement"), and shall consist of all of Borrower's right and title to, and interest in, any copyrights, patents and trademarks (including without limitation those listed on Schedules A, B and C of the Zimmer Security Agreement), designs, mechanisms, processes, methods and instrumentation, which constitute, or directly relate to, the combination of Borrower's collagen meniscus implant product and the NeOsteo growth hormone, commonly known as "CMI-2".

The Zimmer Collateral shall not include (i) patent rights to the meniscus implant product without the NeOsteo growth hormone, commonly known as "CMI-1" or (ii) designs, mechanisms, processes, methods and instrumentation that constitute, or directly relate to, CMI-1.

EXCERPT FROM AMENDED AND RESTATED SUBSCRIPTION AND SECURITY AGREEMENT DATED APRIL 7, 2011

## COLLATERAL DESCRIPTION

DEBTOR:  ReGen Biologics, Inc., a Delaware corporation

Subject to the proviso set forth below, all personal property of Issuer (herein referred to as "Debtor", "Issuer", "Borrower"), whether presently existing or hereafter created or acquired, and wherever located, including, but not limited to:

(a)     all accounts (including health-care-insurance receivables), chattel paper (including tangible and electronic chattel paper), deposit accounts, documents (including negotiable documents), equipment (including all accessions and additions thereto), general intangibles (including all intellectual property, licenses, payment intangibles and software), goods (including fixtures), instruments (including promissory notes), inventory (including all goods held for sale or lease or to be furnished under a contract of service, and including returns and repossessions), investment property (including securities and securities entitlements), letter of credit rights, money, and all of Debtor's books and records with respect to any of the foregoing, and the computers and equipment containing said books and records;

(b)     all common law and statutory copyrights and copyright registrations, applications for registration, now existing or hereafter arising, in the United States of America or in any foreign jurisdiction, obtained or to be obtained on or in connection with any of the forgoing, or any parts thereof or any underlying or component elements of any of the forgoing, together with the right to copyright and all rights to renew or extend such copyrights and the right (but not the obligation) of Secured Party to sue in its own name and/or in the name of the Debtor for past, present and future infringements of copyright;

(c)     all trademarks, service marks, trade names and service names and the goodwill associated therewith, together with the right to trademark and all rights to renew or extend such trademarks and the right (but not the obligation) of Secured Party to sue in its own name and/or in the name of the Debtor for past, present and future infringements of trademark;

(d)     all (i) patents and patent applications filed in the United States Patent and Trademark Office or any similar office of any foreign jurisdiction, and interests under patent license agreements, including, without limitation, the inventions and improvements described and claimed therein, (ii) licenses pertaining to any patent whether Debtor is licensor or  licensee, (iii) income, royalties, damages, payments, accounts and accounts receivable now or hereafter due and/or payable under and with respect thereto, including, without limitation, damages and payments for past, present or future infringements thereof, (iv) right (but not the obligation) to sue in the name of Debtor and/or in the name of Secured Party for past, present and future infringements thereof, (v) rights corresponding thereto throughout the world in all jurisdictions in which such patents have been issued or applied for, and (vi) reissues, divisions, continuations, renewals, extensions and continuations-in-part with respect to any of the foregoing; and

(e)     any and all cash proceeds and/or noncash proceeds of any of the foregoing, including, without limitation, insurance proceeds, and all supporting obligations and the security therefor or

EXCERPT FROM AMENDED AND RESTATED SUBSCRIPTION AND SECURITY AGREEMENT DATED APRIL 7, 2011

for any right to payment.  All terms above have the meanings given to them in the New York Uniform Commercial Code, as amended or supplemented from time to time;

provided, however, that the foregoing collateral description and the collateral pledged pursuant to this Agreement shall not include the following (the "Zimmer Collateral"):

> The intellectual property of Borrower, rights in which shall constitute Collateral (as defined in that certain Intellectual Property Security Agreement, dated March 14, 2000, as amended or supplemented (the "Zimmer Security Agreement"), and shall consist of all of Borrower's right and title to, and interest in, any copyrights, patents and trademarks (including without limitation those listed on Schedules A, B and C of the Zimmer Security Agreement), designs, mechanisms, processes, methods and instrumentation, which constitute, or directly relate to, the combination of Borrower's collagen meniscus implant product and the NeOsteo growth hormone, commonly known as "CMI-2".

The Zimmer Collateral shall not include (i) patent rights to the meniscus implant product without the NeOsteo growth hormone, commonly known as "CMI-1" or (ii) designs, mechanisms, processes, methods and instrumentation that constitute, or directly relate to, CMI-1.

**REGEN BIOLOGICS, INC, DEBTOR**                                    CASE NO <u>11-11083</u>

Item 14. Property held for another person

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| Toshiba America Business solutions, Inc.<br>PO Box 3083<br>Cedar Rapids IA  52406-3083 | ES2830 color copier<br>serial #SCXE810960<br>value unknown | 411 Hackensack Avenue<br>Hackensack, NJ  07601 |
| Pitney Bowes<br>2225 American Drive<br>Neenah, WI  54956-1005 | postage meter machine<br>value unknown | 411 Hackensack Avenue<br>Hackensack, NJ  07601 |

Item 18a. List of businesses in which debtor was a partner or owned 5% or more of voting or equity within six years of case commencement

| NAME ADDRESS AND EIN | NATURE OF BUSINESS | DATES |
|---|---|---|
| RBio, Inc. dba ReGen Biologics<br>411 Hackensack Avenue<br>Hackensack, NJ 07601<br>94-3108652 | design, manufacture, market, and<br>sell medical devices | June 2002 to present |
| ReGen Biologics AG<br>Zugerstrasse 72<br>6340 Baar<br>Switzerland<br>No EIN | market and sell medical devices | March 2005 to present |

Item 19a. List of all bookkeepers and accountants who have kept or supervised keeping of books within two years of case commencement

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Brion Umidi<br>989 Bayberry Drive<br>Arnold MD 21012 | 3/1/2009 to 10/2/2009 |
| Diana Petro<br>1543 Bollinger Road<br>Westminster, MD  21157 | 3/1/2009 to 11/9/2009 |
| Brian Swinkin<br>23 Frederick Place<br>Bergenfield, NJ  07621 | 3/1/2009 to 9/1/2009 |
| Joan Warner<br>95 Waldron Ave<br>Glen Rock, NJ  07452 | 3/1/2009 to present |
| Ruth Seery<br>685 Shore Road<br>Severna Park, MD 21146 | 3/1/2009 to 9/30/2009 |

**REGEN BIOLOGICS, INC, DEBTOR**                    CASE NO <u>11-11083</u>

Item 19b. List of all firms or individuals who have audited the books of debtor or prepared financial statements of debtor within two years of case commencement

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Brion Umidi<br>989 Bayberry Drive<br>Arnold MD 21012 | 3/1/2009 to 6/30/2009 |
| Diana Petro<br>1543 Bollinger Road<br>Westminster, MD  21157 | 3/1/2009 to 6/30/2009 |
| Brian Swinkin<br>23 Frederick Place<br>Bergenfield, NJ  07621 | 3/1/2009 to 6/30/2009 |
| Ruth Seery<br>685 Shore Road<br>Severna Park, MD 21146 | 3/1/2009 to 6/30/2009 |

NOTE: LAST AUDIT OF DEBTOR'S BOOKS WAS AS OF AND FOR YEAR ENDED DECEMBER 31, 2008

**REGEN BIOLOGICS, INC, DEBTOR**                    **CASE NO** <u>11-11083</u>

Item 19c. List of all firms or individuals who were in possession of the books of account of the debtor
at the time of case commencement

**NAME AND ADDRESS**          **DATES SERVICES RENDERED**

Joan Warner                        3/1/2009 to present
95 Waldron Ave
Glen Rock, NJ  07452

NETSUITE                      *  3/1/2009 to present
2955 Campus Drive
Suite 100
San Mateo CA  94403-2511

 *  Licensor of online accounting system used by debtor; account #057329

Item 21b. List of officers and directors and each stockholder who directly or indirectly owns, controls, or holds 5% or more of the voting or equity securities of the corporation

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Alan Baldwin<br>4N737 Crane Road St.<br>Charles, IL 60175 | Director | 0.15%<br>common |
| William Timken<br>3828 Happy Valley Road<br>Lafayette, CA 94549 | Director | 0.84% *<br>common<br>and preferred |
| J Richard Steadman<br>5200 Sedona Drive<br>Parker, CO 80134<br>Attn: F. Lyon Steadman | Director | 1.10%<br>common<br>and preferred |
| Gerald Bisbee<br>110 Wellesley Drive<br>New Canaan, CT  06840-3530 | Chairman, President and Chief Executive Officer | 0.47%<br>common |
| John Dichiara<br>501 East 79th St. #2E<br>NY, NY 10021 | SVP Clinical and Regulatory Affaris and Quality Assurance | 0.13% +<br>common |
| William Rodkey<br>108 S. Frontage Road Suite 303<br>Vail, CO 81657 | VP Scientific Affairs | 0.09%<br>common<br>and preferred |
| Sanderling Ventures<br>400 S El Camino Real<br>Suite 1200<br>San Mateo, CA  94402-1704 | Stockholder | 32.51%<br>common<br>and preferred |
| Ivy Healthcare Capital II, LP<br>One Paragon Drive, Suite 125<br>Montvale, NJ  07645<br>Attn: Dennis O'Dowd | Stockholder | 10.35%<br>common |

\*  Held by Timken Living Trust U/A/D 9/14/99, of which Mr. Timken is a trustee

\+  Includes indirect interest for shares held by children of  Mr. Dichiara (not living in same household)

**REGEN BIOLOGICS, INC, DEBTOR**                    **CASE NO  11-11083**

Item 22b. List of officers and directors whose relationship with the corporation
terminated within one year of case commencemnt

|  |  | **DATE OF** |
| --- | --- | --- |
| **NAME** | **ADDRESS** | **TERMINATION** |
| Abhi Acharya, Director | 13773 Lexington Court<br>Saratoga, CA  95070 | 11/12/2010 |
| Robert McNeil, Director | 400 S El Camino Real<br>Suite #1200<br>San Mateo, CA  94402-1704 | 3/4/2011 |