B 6D (Official Form 6D) (12/07)

In re  REGEN BIOLOGICS, INC  ,   Case No. 11-11083
                     **Debtor**                                                    **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** SEE EXHIBIT A<br>2009 BRIDGE FINANCING | | | SEE EXHIBIT A & EXHIBIT B<br><br>VALUE $ UNKNOWN | | | | 3,755,593.90 | UNKNOWN |
| **ACCOUNT NO.** SEE EXHIBIT C<br>2010 BRIDGE FINANCING | | | SEE EXHIBIT C & EXHIBIT D<br><br>VALUE $ UNKNOWN | | | | 887,668.18 | UNKNOWN |
| **ACCOUNT NO.** SEE EXHIBIT E<br>SMHC BRIDGE FINANCING | | | SEE EXHIBIT E & EXHIBIT F<br><br>VALUE $ UNKNOWN | | | | 974,720.03 | UNKNOWN |
| __1__ continuation sheets attached | | | Subtotal ►<br>(Total of this page) | | | | $ 5,617,981.21 | $ UNKNOWN |
| | | | Total ►<br>(Use only on last page) | | | | $ | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

In re   REGEN BIOLOGICS, INC             ,           Case No.   11-11083
        **Debtor**                                                      **(if known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. CV2010-009079<br><br>Off Madison Ave, Inc.<br>80 East rio Salado Parkway, Suite 711<br>Tempe, AZ 85281 | | | Judgment lien against IP, Superior Ct of AZ, Maricopa County SEE EXHIBIT E<br><br>VALUE $ UNKNOWN | | | X | ESTIMATED BASED ON OPEN INVOICES + 10% INTEREST THRU 4/5/11<br><br>30,902.00 | UNKNOWN |
| ACCOUNT NO. 36,456-N<br><br>Argenta Reimbursement Advisors<br>3070 Arden Place<br>Woodbury, MN 55129 | | | Judgment filed Superior Ct of Bergen County NJ 2/15/11<br><br>VALUE $ UNKNOWN | | | X | 92,654.35 | UNKNOWN |
| ACCOUNT NO. 4527454<br><br>Pitney Bowes Global Financial Svc LLC<br>PO Box 371887<br>Pittsburgh, PA 15250 | | | Equipment lease limited to value of collateral<br><br>VALUE $ UNKNOWN | | | | 173.00 | |
| ACCOUNT NO. 6813474-005<br><br>Toshiba America Business Solutions, Inc.; 1961 Hirst Drive<br>Moberly, MO 65270 | | | Equipment lease limited to value of collateral<br><br>VALUE $ UNKNOWN | | | | 2,488.68 | |
| ACCOUNT NO. | | | VALUE $ | | | | | |

Sheet no.   1   of   1   continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal(s) ► (Total(s) of this page)  $ 126,218.03    $ UNKNOWN

Total(s) ► (Use only on last page)   $ 5,744,199.24    $ UNKNOWN

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

**2009 BRIDGE FINANCING**

| Subscription Date/ Investor | Note # | Note Issue Date | Principal $ | Interest to 4/7/11 | Total P&I |
|---|---|---|---|---|---|
| **2-Oct-09** | | | | | |
| Sanderling Venture Partners VI Co-Investment Fund, L.P. | S-1 | 2-Oct-09 | $ 239,828.39 | $ 38,745.61 | $ 278,574.00 |
| Sanderling VI Limited Partnership | S-2 | 2-Oct-09 | 5,530.20 | 893.43 | 6,423.63 |
| Sanderling VI Beteiligungs GmbH & Co KG | S-3 | 2-Oct-09 | 4,641.41 | 749.85 | 5,391.26 |
| Gerald E. Bisbee, Jr. | S-20 | 2-Oct-09 | 8,500.00 | 1,373.22 | 9,873.22 |
| Brion D. Umidi | S-21 | 2-Oct-09 | 1,000.00 | 161.56 | 1,161.56 |
| James C. Flounlacker | S-22 | 2-Oct-09 | 1,000.00 | 161.56 | 1,161.56 |
| The Timken Living Trust U/A/D 9/14/1999 as amended | S-23 | 2-Oct-09 | 19,000.00 | 3,069.56 | 22,069.56 |
| | | | 279,500.00 | 45,154.79 | 324,654.79 |
| **27-Oct-09** | | | | | |
| Sanderling Venture Partners VI Co-Investment Fund, L.P. | S-4 | 27-Oct-09 | 47,965.68 | 7,482.65 | 55,448.33 |
| Sanderling VI Limited Partnership | S-5 | 27-Oct-09 | 1,106.04 | 172.54 | 1,278.58 |
| Sanderling VI Beteiligungs GmbH & Co KG | S-6 | 27-Oct-09 | 928.28 | 144.81 | 1,073.09 |
| Sanderling Venture Partners V Co-Investment Fund, L.P. | S-7 | 27-Oct-09 | 156,634.14 | 24,434.93 | 181,069.07 |
| Sanderling V Biomedical Co-Investment Fund, L.P. | S-8 | 27-Oct-09 | 94,961.75 | 14,814.03 | 109,775.78 |
| Sanderling V Limited Partnership | S-9 | 27-Oct-09 | 25,613.29 | 3,995.67 | 29,608.96 |
| Sanderling V Beteiligungs GmbH & Co KG | S-10 | 27-Oct-09 | 22,790.82 | 3,555.37 | 26,346.19 |
| | | | 350,000.00 | 54,600.00 | 404,600.00 |
| **19-Nov-09** | | | | | |
| Ivy Healthcare Capital II, L.P. | S-11 | 19-Nov-09 | 200,000.00 | 30,222.22 | 230,222.22 |
| Sanderling Venture Partners V Co-Investment Fund, L.P. | S-12 | 19-Nov-09 | 65,264.21 | 9,862.15 | 75,126.36 |
| Sanderling V Biomedical Co-Investment Fund, L.P. | S-13 | 19-Nov-09 | 39,567.40 | 5,979.07 | 45,546.47 |
| Sanderling V Limited Partnership | S-14 | 19-Nov-09 | 10,672.21 | 1,612.69 | 12,284.90 |
| Sanderling V Beteiligungs GmbH & Co KG | S-15 | 19-Nov-09 | 9,496.18 | 1,434.98 | 10,931.16 |
| Sanderling Venture Partners VI Co-Investment Fund, L.P. | S-16 | 19-Nov-09 | 119,914.19 | 18,120.37 | 138,034.56 |
| Sanderling VI Limited Partnership | S-17 | 19-Nov-09 | 2,765.10 | 417.84 | 3,182.94 |
| Sanderling VI Beteiligungs GmbH & Co KG | S-18 | 19-Nov-09 | 2,320.71 | 350.69 | 2,671.40 |
| | | | 450,000.00 | 68,000.01 | 518,000.01 |
| **2-Dec-09** | | | | | |
| Ivy Healthcare Capital II, L.P. | S-19 | 2-Dec-09 | 50,000.00 | 7,411.11 | 57,411.11 |
| Sanderling Venture Partners V Co-Investment, L.P. | S-24 | 2-Dec-09 | 54,821.95 | 8,125.83 | 62,947.78 |
| Sanderling V Biomedical Co-Investment, L.P. | S-25 | 2-Dec-09 | 33,236.61 | 4,926.40 | 38,163.01 |
| Sanderling V Limited Partnership | S-26 | 2-Dec-09 | 8,964.65 | 1,328.76 | 10,293.41 |
| Sanderling V Beteiligungs GmbH & Co KG | S-32 | 2-Dec-09 | 7,976.79 | 1,182.34 | 9,159.13 |
| Sanderling Venture Partners VI Co-Investment, L.P. | S-33 | 2-Dec-09 | 100,727.93 | 14,930.12 | 115,658.05 |
| Sanderling VI Beteiligungs GmbH & Co KG | S-34 | 2-Dec-09 | 1,949.39 | 288.94 | 2,238.33 |
| Sanderling VI Limited Partnership | S-35 | 2-Dec-09 | 2,322.68 | 344.27 | 2,666.95 |
| | | | - | - | - |
| | | | 260,000.00 | 38,537.77 | 298,537.77 |
| **7-Jan-10** | | | | | |
| Ivy Healthcare Capital II, L.P. | S-27 | 7-Jan-10 | 50,000.00 | 7,022.22 | 57,022.22 |
| Sanderling Venture Partners VI Co-Investment, L.P. | S-28 | 7-Jan-10 | 201,455.84 | 28,293.35 | 229,749.19 |
| Sanderling VI Beteiligungs GmbH & Co KG | S-29 | 7-Jan-10 | 3,898.79 | 547.56 | 4,446.35 |
| Sanderling VI Limited Partnership | S-30 | 7-Jan-10 | 4,645.37 | 652.42 | 5,297.79 |
| James C. Flounlacker | S-31 | 7-Jan-10 | 11,200.00 | 1,572.98 | 12,772.98 |
| | | | - | - | - |
| | | | 271,200.00 | 38,088.53 | 309,288.53 |
| **4-Feb-10** | | | | | |
| Ivy Healthcare Capital II, L.P. | S-36 | 4-Feb-10 | 50,000.00 | 6,722.22 | 56,722.22 |
| Sanderling Venture Partners VI Co-Investment, L.P. | S-37 | 4-Feb-10 | 201,455.84 | 27,084.62 | 228,540.46 |
| Sanderling VI Beteiligungs GmbH & Co KG | S-38 | 4-Feb-10 | 3,898.79 | 524.17 | 4,422.96 |
| Sanderling VI Limited Partnership | S-39 | 4-Feb-10 | 4,645.37 | 624.54 | 5,269.91 |
| | | | 260,000.00 | 34,955.55 | 294,955.55 |

**2009 BRIDGE FINANCING**

| Subscription Date/ Investor | Note # | Note Issue Date | Principal $ | Interest to 4/7/11 | Total P&I |
|---|---|---|---|---|---|
| **25-Feb-10** | | | | | |
| Ivy Healthcare Capital II, L.P. | S-40 | 25-Feb-10 | 29,000.00 | 3,763.56 | 32,763.56 |
| Sanderling Venture Partners V Co-Investment, L.P. | S-41 | 25-Feb-10 | 63,175.76 | 8,198.81 | 71,374.57 |
| Sanderling V Biomedical Co-Investment, L.P. | S-42 | 25-Feb-10 | 38,301.24 | 4,970.65 | 43,271.89 |
| Sanderling V Limited Partnership | S-43 | 25-Feb-10 | 10,330.70 | 1,340.70 | 11,671.40 |
| Sanderling V Beteiligungs GmbH & Co KG | S-44 | 25-Feb-10 | 9,192.30 | 1,192.96 | 10,385.26 |
| | | | 150,000.00 | 19,466.68 | 169,466.68 |
| **19-Mar-10** | | | | | |
| Ivy Healthcare Capital II, L.P. | S-45 | 19-Mar-10 | 79,000.00 | 9,831.11 | 88,831.11 |
| Sanderling Venture Partners V Co-Investment, L.P. | S-46 | 19-Mar-10 | 164,465.84 | 20,466.86 | 184,932.70 |
| Sanderling V Biomedical Co-Investment, L.P. | S-47 | 19-Mar-10 | 99,709.84 | 12,408.34 | 112,118.18 |
| Sanderling V Limited Partnership | S-48 | 19-Mar-10 | 26,893.96 | 3,346.80 | 30,240.76 |
| Sanderling V Beteiligungs GmbH & Co KG | S-49 | 19-Mar-10 | 23,930.36 | 2,978.00 | 26,908.36 |
| Sanderling Venture Partners VI Co-Investment, L.P. | S-50 | 19-Mar-10 | 15,349.02 | 1,910.10 | 17,259.12 |
| Sanderling VI Beteiligungs GmbH & Co KG | S-51 | 19-Mar-10 | 297.05 | 36.97 | 334.02 |
| Sanderling VI Limited Partnership | S-52 | 19-Mar-10 | 353.93 | 44.04 | 397.97 |
| | | | 410,000.00 | 51,022.22 | 461,022.22 |
| **9-Apr-10** | | | | | |
| Ivy Healthcare Capital II, L.P. | S-53 | 9-Apr-10 | 22,000.00 | 2,625.33 | 24,625.33 |
| Sanderling Venture Partners V Co-Investment, L.P. | S-54 | 9-Apr-10 | 22,973.01 | 2,741.45 | 25,714.46 |
| Sanderling V Biomedical Co-Investment, L.P. | S-55 | 9-Apr-10 | 13,927.72 | 1,662.04 | 15,589.76 |
| Sanderling V Limited Partnership | S-56 | 9-Apr-10 | 3,756.62 | 448.29 | 4,204.91 |
| Sanderling V Beteiligungs GmbH & Co KG | S-57 | 9-Apr-10 | 3,342.65 | 398.89 | 3,741.54 |
| Sanderling Venture Partners VI Co-Investment, L.P. | S-58 | 9-Apr-10 | 42,209.80 | 5,037.04 | 47,246.84 |
| Sanderling VI Beteiligungs GmbH & Co KG | S-59 | 9-Apr-10 | 816.89 | 97.48 | 914.37 |
| Sanderling VI Limited Partnership | S-60 | 9-Apr-10 | 973.31 | 116.15 | 1,089.46 |
| | | | 110,000.00 | 13,126.67 | 123,126.67 |
| **14-May-10** | | | | | |
| Ivy Healthcare Capital II, L.P. | S-61 | 14-May-10 | 55,000.00 | 5,921.67 | 60,921.67 |
| Sanderling Venture Partners V Co-Investment, L.P. | S-62 | 14-May-10 | 57,432.52 | 6,183.57 | 63,616.09 |
| Sanderling V Biomedical Co-Investment, L.P. | S-63 | 14-May-10 | 34,819.31 | 3,748.88 | 38,568.19 |
| Sanderling V Limited Partnership | S-64 | 14-May-10 | 9,391.54 | 1,011.16 | 10,402.70 |
| Sanderling V Beteiligungs GmbH & Co KG | S-65 | 14-May-10 | 8,356.63 | 899.73 | 9,256.36 |
| Sanderling Venture Partners VI Co-Investment, L.P. | S-66 | 14-May-10 | 105,524.49 | 11,361.47 | 116,885.96 |
| Sanderling VI Beteiligungs GmbH & Co KG | S-67 | 14-May-10 | 2,042.22 | 219.88 | 2,262.10 |
| Sanderling VI Limited Partnership | S-68 | 14-May-10 | 2,433.29 | 261.98 | 2,695.27 |
| | | | 275,000.00 | 29,608.34 | 304,608.34 |
| **15-Jun-10** | | | | | |
| Ivy Healthcare Capital II, L.P. | S-69 | 15-Jun-10 | 50,000.00 | 4,866.67 | 54,866.67 |
| Sanderling Venture Partners V Co-Investment, L.P. | S-70 | 15-Jun-10 | 52,211.38 | 5,081.91 | 57,293.29 |
| Sanderling V Biomedical Co-Investment, L.P. | S-71 | 15-Jun-10 | 31,653.92 | 3,080.98 | 34,734.90 |
| Sanderling V Limited Partnership | S-72 | 15-Jun-10 | 8,537.76 | 831.01 | 9,368.77 |
| Sanderling V Beteiligungs GmbH & Co KG | S-73 | 15-Jun-10 | 7,596.94 | 739.44 | 8,336.38 |
| Sanderling Venture Partners VI Co-Investment, L.P. | S-74 | 15-Jun-10 | 95,931.35 | 9,337.32 | 105,268.67 |
| Sanderling VI Beteiligungs GmbH & Co KG | S-75 | 15-Jun-10 | 1,856.57 | 180.71 | 2,037.28 |
| Sanderling VI Limited Partnership | S-76 | 15-Jun-10 | 2,212.08 | 215.31 | 2,427.39 |
| | | | 250,000.00 | 24,333.35 | 274,333.35 |

**2009 BRIDGE FINANCING**

| Subscription Date/ Investor | Note # | Note Issue Date | Principal $ | Interest to 4/7/11 | Total P&I |
|---|---|---|---|---|---|
| **1-Jul-10** | | | | | |
| Ivy Healthcare Capital II, L.P. | S-77 | 1-Jul-10 | 50,000.00 | 4,600.00 | 54,600.00 |
| Sanderling Venture Partners V Co-Investment, L.P. | S-78 | 1-Jul-10 | 52,211.38 | 4,803.45 | 57,014.83 |
| Sanderling V Biomedical Co-Investment, L.P. | S-79 | 1-Jul-10 | 31,653.92 | 2,912.16 | 34,566.08 |
| Sanderling V Limited Partnership | S-80 | 1-Jul-10 | 8,537.76 | 785.47 | 9,323.23 |
| Sanderling V Beteiligungs GmbH & Co KG | S-81 | 1-Jul-10 | 7,596.94 | 698.92 | 8,295.86 |
| Sanderling Venture Partners VI Co-Investment, L.P. | S-82 | 1-Jul-10 | 95,931.35 | 8,825.68 | 104,757.03 |
| Sanderling VI Beteiligungs GmbH & Co KG | S-83 | 1-Jul-10 | 1,856.57 | 170.80 | 2,027.37 |
| Sanderling VI Limited Partnership | S-84 | 1-Jul-10 | 2,212.08 | 203.51 | 2,415.59 |
| | | | 250,000.00 | 22,999.99 | 272,999.99 |
| | | **TOTALS** | **$ 3,315,700.00** | **$ 439,893.90** | **$ 3,755,593.90** |

**Totals by Investor**

| Investor | Principal | Interest | Total P&I |
|---|---|---|---|
| Sanderling Venture Partners V Co-Investment, L.P. | $ 689,190.19 | $ 89,898.96 | $ 779,089.15 |
| Sanderling V Biomedical Co-Investment, L.P. | 417,831.71 | 54,502.55 | 472,334.26 |
| Sanderling V Limited Partnership | 112,698.49 | 14,700.55 | 127,399.04 |
| Sanderling V Beteiligungs GmbH & Co KG | 100,279.61 | 13,080.63 | 113,360.24 |
| Sanderling Venture Partners VI Co-Investment Fund, L.P. | 1,266,293.88 | 171,128.33 | 1,437,422.21 |
| Sanderling VI Limited Partnership | 29,199.45 | 3,946.03 | 33,145.48 |
| Sanderling VI Beteiligungs GmbH & Co KG | 24,506.67 | 3,311.86 | 27,818.53 |
| Total Sanderling Ventures | 2,640,000.00 | 350,568.91 | 2,990,568.91 |
| Ivy Healthcare Capital II, L.P. | 635,000.00 | 82,986.11 | 717,986.11 |
| Gerald E. Bisbee, Jr. | 8,500.00 | 1,373.22 | 9,873.22 |
| Brion D. Umidi | 1,000.00 | 161.56 | 1,161.56 |
| James C. Flounlacker | 12,200.00 | 1,734.54 | 13,934.54 |
| The Timken Living Trust U/A/D 9/14/1999 as amended | 19,000.00 | 3,069.56 | 22,069.56 |
| Total Others | 675,700.00 | 89,324.99 | 765,024.99 |
| **TOTAL ALL** | **$ 3,315,700.00** | **$ 439,893.90** | **$ 3,755,593.90** |

**ADDRESSES**

| | |
|---|---|
| Sanderling Ventures | 400 S El Camino Real, #1200; San Mateo, CA 94402-1704 |
| Ivy Healthcare Capital II, L.P. | One Paragon Drive, Suite 125; Montvale, NJ 07645; Attn: Dennis O'Dowd |
| Gerald E. Bisbee, Jr. | 110 Wellesley Drive; New Canaan, CT 06840-3530 |
| Brion D. Umidi | 989 Bayberry Drive; Arnold, MD 21012-1610 |
| James C. Flounlacker | 907 Country Club Drive; Vienna, VA 22180 |
| The Timken Living Trust U/A/D 9/14/1999 as amended | c/o Larson Management; 7 Mercury Avenue; Tiburon, CA 94920-1344 |

EXCERPT FROM AMENDED AND RESTATED SUBSCRIPTION AND
SECURITY AGREEMENT, DATED JUNE 15, 2010

# APPENDIX A
# COLLATERAL DESCRIPTION

DEBTOR:  ReGen Biologics, Inc., a Delaware corporation

Subject to the proviso set forth below, all personal property of Issuer (herein referred to as "Debtor", "Issuer", "Borrower"), whether presently existing or hereafter created or acquired, and wherever located, including, but not limited to:

**(a)**　all accounts (including health-care-insurance receivables), chattel paper (including tangible and electronic chattel paper), deposit accounts, documents (including negotiable documents), equipment (including all accessions and additions thereto), general intangibles (including all intellectual property, licenses, payment intangibles and software), goods (including fixtures), instruments (including promissory notes), inventory (including all goods held for sale or lease or to be furnished under a contract of service, and including returns and repossessions), investment property (including securities and securities entitlements), letter of credit rights, money, and all of Debtor's books and records with respect to any of the foregoing, and the computers and equipment containing said books and records;

**(b)**　all common law and statutory copyrights and copyright registrations, applications for registration, now existing or hereafter arising, in the United States of America or in any foreign jurisdiction, obtained or to be obtained on or in connection with any of the forgoing, or any parts thereof or any underlying or component elements of any of the forgoing, together with the right to copyright and all rights to renew or extend such copyrights and the right (but not the obligation) of Secured Party to sue in its own name and/or in the name of the Debtor for past, present and future infringements of copyright;

**(c)**　all trademarks, service marks, trade names and service names and the goodwill associated therewith, together with the right to trademark and all rights to renew or extend such trademarks and the right (but not the obligation) of Secured Party to sue in its own name and/or in the name of the Debtor for past, present and future infringements of trademark;

**(d)**　all (i) patents and patent applications filed in the United States Patent and Trademark Office or any similar office of any foreign jurisdiction, and interests under patent license agreements, including, without limitation, the inventions and improvements described and claimed therein, (ii) licenses pertaining to any patent whether Debtor is licensor or licensee, (iii) income, royalties, damages, payments, accounts and accounts receivable now or hereafter due and/or payable under and with respect thereto, including, without limitation, damages and payments for past, present or future infringements thereof, (iv) right (but not the obligation) to sue in the name of Debtor and/or in the name of Secured Party for past, present and future infringements thereof, (v) rights corresponding thereto throughout the world in all jurisdictions in which such patents have been issued or applied for, and (vi) reissues, divisions, continuations, renewals, extensions and continuations-in-part with respect to any of the foregoing; and

**(e)**　any and all cash proceeds and/or noncash proceeds of any of the foregoing, including, without limitation, insurance proceeds, and all supporting obligations and the security therefor or for any right to payment.  All terms above have the meanings given to them in the New York Uniform Commercial Code, as amended or supplemented from time to time;

provided, however, that the foregoing collateral description and the collateral pledged pursuant to this Agreement shall not include the following (the "Zimmer Collateral"):

> The intellectual property of Borrower, rights in which shall constitute Collateral (as defined in that certain Intellectual Property Security Agreement, dated March 14, 2000, as amended or supplemented (the "Zimmer Security Agreement"), and shall consist of all of Borrower's right and title to, and interest in, any copyrights, patents and trademarks (including without limitation those listed on Schedules A, B and C of the Zimmer Security Agreement), designs, mechanisms, processes, methods and instrumentation, which constitute, or directly relate to, the combination of Borrower's collagen meniscus implant product and the NeOsteo growth hormone, commonly known as "CMI-2".

The Zimmer Collateral shall not include (i) patent rights to the meniscus implant product without the NeOsteo growth hormone, commonly known as "CMI-1" or (ii) designs, mechanisms, processes, methods and instrumentation that constitute, or directly relate to, CMI-1.

**2010 BRIDGE FINANCING**

| Subscription Date/ Investor | Note # | Note Issue Date | Principal $ | Interest to 4/7/11 | Total |
|---|---|---|---|---|---|
| **30-Sep-10** | | | | | |
| Sanderling Venture Partners V Co-Investment, L.P. | S-1 | 30-Sep-10 | $ 65,264.21 | $ 4,068.14 | $ 69,332.35 |
| Sanderling V Biomedical Co-Investment, L.P. | S-2 | 30-Sep-10 | 39,567.40 | 2,466.37 | 42,033.77 |
| Sanderling V Limited Partnership | S-3 | 30-Sep-10 | 10,672.21 | 665.23 | 11,337.44 |
| Sanderling V Beteiligungs GmbH & Co KG | S-4 | 30-Sep-10 | 9,496.18 | 591.93 | 10,088.11 |
| Sanderling Venture Partners VI Co-Investment, L.P. | S-5 | 30-Sep-10 | 119,914.19 | 7,474.65 | 127,388.84 |
| Sanderling VI Beteiligungs GmbH & Co KG | S-6 | 30-Sep-10 | 2,320.71 | 144.66 | 2,465.37 |
| Sanderling VI Limited Partnership | S-7 | 30-Sep-10 | 2,765.10 | 172.36 | 2,937.46 |
| | | | 250,000.00 | 15,583.34 | 265,583.34 |
| Ivy Healthcare Capital II, L.P. | S-8 | 30-Sep-10 | 62,500.00 | 3,895.83 | 66,395.83 |
| The Timken Living Trust U/A/D 9/14/1999 as amended | S-9 | 30-Sep-10 | 50,000.00 | 3,116.67 | 53,116.67 |
| The Dogwood Corporation (Traub) | S-10 | 30-Sep-10 | 100,000.00 | 6,233.33 | 106,233.33 |
| Arthur Rock 2000 Trust | S-11 | 30-Sep-10 | 41,000.00 | 2,555.67 | 43,555.67 |
| J. Richard Steadman | S-12 | 30-Sep-10 | 50,000.00 | 3,116.67 | 53,116.67 |
| | | | 553,500.00 | 34,501.51 | 588,001.51 |
| **27-Dec-10** | | | | | |
| FIM Holding AG | S-13 | 27-Dec-10 | 200,000.00 | 6,666.67 | 206,666.67 |
| J. Richard Steadman, M.D. | S-14 | 27-Dec-10 | 50,000.00 | 1,666.67 | 51,666.67 |
| HUG - Schaumburg Holding AG | S-15 | 27-Dec-10 | 40,000.00 | 1,333.33 | 41,333.33 |
| | | | 290,000.00 | 9,666.67 | 299,666.67 |
| | | TOTALS | $ 843,500.00 | $ 44,168.18 | $ 887,668.18 |

**ADDRESSES**

| | |
|---|---|
| Sanderling Ventures | 400 S El Camino Real, #1200; San Mateo, CA 94402-1704 |
| Ivy Healthcare Capital II, L.P. | One Paragon Drive, Suite 125; Montvale, NJ 07645; Attn: Dennis O'Dowd |
| The Timken Living Trust U/A/D 9/14/1999 as amended | c/o Larson Management; 7 Mercury Avenue; Tiburon, CA 94920-1344 |
| The Dogwood Corporation (Traub) | 1735 Union St, Suite C; San Francisco, CA 94123; Attn: Barry Traub |
| Arthur Rock 2000 Trust | One Maritime Plaza; Suite 1220; San Francisco, CA 94111-3404 |
| J. Richard Steadman | 5200 Sedona Drive; Parker, CO 80134; Attn: F. Lyon Steadman |
| FIM Holding AG | Johannes Roelli Scheffelstr 2; 9000 St Gallen; Switzerland |
| HUG - Schaumburg Holding AG | Birkenweg 8; CH-4310 Rhein Felden; Switzerland |

EXCERPT FROM AMENDED AND RESTATED SUBSCRIPTION AND
SECURITY AGREEMENT, DATED DECEMBER 27, 2010

**APPENDIX A COLLATERAL DESCRIPTION**

DEBTOR: ReGen Biologics, Inc., a Delaware corporation

Subject to the proviso set forth below, all personal property of Issuer (herein referred to as "Debtor", "Issuer", "Borrower"), whether presently existing or hereafter created or acquired, and wherever located, including, but not limited to:

**(a)** all accounts (including health-care-insurance receivables), chattel paper (including tangible and electronic chattel paper), deposit accounts, documents (including negotiable documents), equipment (including all accessions and additions thereto), general intangibles (including all intellectual property, licenses, payment intangibles and software), goods (including fixtures), instruments (including promissory notes), inventory (including all goods held for sale or lease or to be furnished under a contract of service, and including returns and repossessions), investment property (including securities and securities entitlements), letter of credit rights, money, and all of Debtor's books and records with respect to any of the foregoing, and the computers and equipment containing said books and records;

**(b)** all common law and statutory copyrights and copyright registrations, applications for registration, now existing or hereafter arising, in the United States of America or in any foreign jurisdiction, obtained or to be obtained on or in connection with any of the forgoing, or any parts thereof or any underlying or component elements of any of the forgoing, together with the right to copyright and all rights to renew or extend such copyrights and the right (but not the obligation) of Secured Party to sue in its own name and/or in the name of the Debtor for past, present and future infringements of copyright;

**(c)** all trademarks, service marks, trade names and service names and the goodwill associated therewith, together with the right to trademark and all rights to renew or extend such trademarks and the right (but not the obligation) of Secured Party to sue in its own name and/or in the name of the Debtor for past, present and future infringements of trademark;

**(d)** all (i) patents and patent applications filed in the United States Patent and Trademark Office or any similar office of any foreign jurisdiction, and interests under patent license agreements, including, without limitation, the inventions and improvements described and claimed therein, (ii) licenses pertaining to any patent whether Debtor is licensor or licensee, (iii) income, royalties, damages, payments, accounts and accounts receivable now or hereafter due and/or payable under and with respect thereto, including, without limitation, damages and payments for past, present or future infringements thereof, (iv) right (but not the obligation) to sue in the name of Debtor and/or in the name of Secured Party for past, present and future infringements thereof, (v) rights corresponding thereto throughout the world in all jurisdictions in which such patents have been issued or applied for, and (vi) reissues, divisions, continuations, renewals, extensions and continuations-in-part with respect to any of the foregoing; and

**(e)** any and all cash proceeds and/or noncash proceeds of any of the foregoing, including, without limitation, insurance proceeds, and all supporting obligations and the security therefor or for any right to payment. All terms above have the meanings given to them in the New York Uniform Commercial Code, as amended or supplemented from time to time; <u>provided</u>, <u>however</u>, that the foregoing collateral description and the collateral pledged pursuant to this Agreement shall not include the following (the "Zimmer Collateral"):

> The intellectual property of Borrower, rights in which shall constitute Collateral (as defined in that certain Intellectual Property Security Agreement, dated March 14, 2000, as amended or supplemented (the "Zimmer Security Agreement"), and shall consist of all of Borrower's right and title to, and interest in, any copyrights, patents and trademarks (including without limitation those listed on Schedules A, B and C of the Zimmer Security Agreement), designs, mechanisms, processes, methods and instrumentation, which constitute, or directly relate to, the combination of Borrower's collagen meniscus implant product and the NeOsteo growth hormone, commonly known as "CMI-2".

The Zimmer Collateral shall not include (i) patent rights to the meniscus implant product without the NeOsteo growth hormone, commonly known as "CMI-1" or (ii) designs, mechanisms, processes, methods and instrumentation that constitute, or directly relate to, CMI-1.

**SMHC BRIDGE**

| Investor Name and Address | Note # | Note Issue Date | Principal $ | Interest to 4/7/11 | Total |
|---|---|---|---|---|---|
| Sports Medicine Holding Company LLC | S-18 | 21-Mar-11 | 60,000.00 | 320.00 | 60,320.00 |
| One Paragon Drive | S-19 | 11-Mar-11 | 28,000.00 | 242.67 | 28,242.67 |
| Suite 125 | S-20 | 1-Apr-11 | 398,680.00 | 797.36 | 399,477.36 |
| Montvale, NJ  07645 | S-21 | 7-Apr-11 | 486,680.00 | - | 486,680.00 |
|  |  |  | 973,360.00 | 1,360.03 | 974,720.03 |

EXCERPT FROM AMENDED AND RESTATED SUBSCRIPTION AND SECURITY AGREEMENT DATED APRIL 7, 2011

## COLLATERAL DESCRIPTION

DEBTOR: ReGen Biologics, Inc., a Delaware corporation

Subject to the proviso set forth below, all personal property of Issuer (herein referred to as "Debtor", "Issuer", "Borrower"), whether presently existing or hereafter created or acquired, and wherever located, including, but not limited to:

**(a)** all accounts (including health-care-insurance receivables), chattel paper (including tangible and electronic chattel paper), deposit accounts, documents (including negotiable documents), equipment (including all accessions and additions thereto), general intangibles (including all intellectual property, licenses, payment intangibles and software), goods (including fixtures), instruments (including promissory notes), inventory (including all goods held for sale or lease or to be furnished under a contract of service, and including returns and repossessions), investment property (including securities and securities entitlements), letter of credit rights, money, and all of Debtor's books and records with respect to any of the foregoing, and the computers and equipment containing said books and records;

**(b)** all common law and statutory copyrights and copyright registrations, applications for registration, now existing or hereafter arising, in the United States of America or in any foreign jurisdiction, obtained or to be obtained on or in connection with any of the forgoing, or any parts thereof or any underlying or component elements of any of the forgoing, together with the right to copyright and all rights to renew or extend such copyrights and the right (but not the obligation) of Secured Party to sue in its own name and/or in the name of the Debtor for past, present and future infringements of copyright;

**(c)** all trademarks, service marks, trade names and service names and the goodwill associated therewith, together with the right to trademark and all rights to renew or extend such trademarks and the right (but not the obligation) of Secured Party to sue in its own name and/or in the name of the Debtor for past, present and future infringements of trademark;

**(d)** all (i) patents and patent applications filed in the United States Patent and Trademark Office or any similar office of any foreign jurisdiction, and interests under patent license agreements, including, without limitation, the inventions and improvements described and claimed therein, (ii) licenses pertaining to any patent whether Debtor is licensor or licensee, (iii) income, royalties, damages, payments, accounts and accounts receivable now or hereafter due and/or payable under and with respect thereto, including, without limitation, damages and payments for past, present or future infringements thereof, (iv) right (but not the obligation) to sue in the name of Debtor and/or in the name of Secured Party for past, present and future infringements thereof, (v) rights corresponding thereto throughout the world in all jurisdictions in which such patents have been issued or applied for, and (vi) reissues, divisions, continuations, renewals, extensions and continuations-in-part with respect to any of the foregoing; and

**(e)** any and all cash proceeds and/or noncash proceeds of any of the foregoing, including, without limitation, insurance proceeds, and all supporting obligations and the security therefor or

for any right to payment.  All terms above have the meanings given to them in the New York Uniform Commercial Code, as amended or supplemented from time to time;

provided, however, that the foregoing collateral description and the collateral pledged pursuant to this Agreement shall not include the following (the "Zimmer Collateral"):

> The intellectual property of Borrower, rights in which shall constitute Collateral (as defined in that certain Intellectual Property Security Agreement, dated March 14, 2000, as amended or supplemented (the "Zimmer Security Agreement"), and shall consist of all of Borrower's right and title to, and interest in, any copyrights, patents and trademarks (including without limitation those listed on Schedules A, B and C of the Zimmer Security Agreement), designs, mechanisms, processes, methods and instrumentation, which constitute, or directly relate to, the combination of Borrower's collagen meniscus implant product and the NeOsteo growth hormone, commonly known as "CMI-2".

The Zimmer Collateral shall not include (i) patent rights to the meniscus implant product without the NeOsteo growth hormone, commonly known as "CMI-1" or (ii) designs, mechanisms, processes, methods and instrumentation that constitute, or directly relate to, CMI-1.

## PATENT PROPERTIES

| | PAT. NO. | Title |
|---|---|---|
| 1 | 6,350,274 | Soft tissue closure systems |
| 2 | 6,042,610 | Meniscal augmentation device |
| 3 | 5,928,252 | Device and method for driving a needle and meniscal repair |
| 4 | 5,735,902 | Hand implant device |
| 5 | 5,681,353 | Meniscal augmentation device |
| 6 | 5,677,284 | Charged collagen particle-based delivery matrix |
| 7 | 5,624,463 | Prosthetic articular cartilage |
| 8 | 5,263,984 | Prosthetic ligaments |

NOTE: ALL OF THE ABOVE PATENTS ARE HELD BY RBIO, INC. DBA REGEN BIOLOGICS, A WHOLLY OWNED SUBSIDIARY OF THE DEBTOR

## TRADEMARK PROPERTIES

|   | Serial Number | Reg. Number | Word Mark |
|---|---|---|---|
| 1 | 78710973 | 3345499 | REGEN BIOLOGICS |
| 2 | 78710959 | 3308864 | CMI |
| 3 | 77460697 | 3674026 | |
| 4 | 77175753 | | MENAFLEX |
| **5 | 75349489 | 2300495 | SHARPSHOOTER |
| **6 | 74034871 | 2032386 | REGEN |

**NOTE: THE INDICATED TRADEMARKS ARE HELD BY RBIO, INC. DBA REGEN BIOLOGICS, A WHOLLY OWNED SUBSIDIARY OF THE DEBTOR